IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALAN TOORAEN,

     Plaintiff,

vs.                              Civ. No.  07-1244 JP/LFG

JOHN (JACK) E. POTTER,
POSTMASTER GENERAL,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

On February 25, 2008, Defendant filed a Motion to Dismiss and Memorandum in

Support (Doc. No. 3).  Having reviewed the briefs and relevant law, the Court determines that

the motion to dismiss should be granted for lack of subject matter jurisdiction in this Court and

that this case should be transferred to the United States Court of Federal Claims which does have

exclusive subject matter jurisdiction in this lawsuit.

A.  Background

On July 3, 2007, the United States Postal Service (USPS) sent a Request for Bid to

Plaintiff for the establishment of a Contract Postal Unit (CPU) in Algodones, New Mexico.

Plaintiff timely submitted the Request for Bid to the USPS Contracting Officer for consideration.

The Contracting Officer awarded the bid to another bidder, Lorie Vigil.

Plaintiff timely requested that the Contracting Officer review the award of the bid to Ms.

Vigil.  After reviewing the bid, the Contracting Officer decided not to overturn his decision.

Plaintiff then appealed the Contracting Officer's decision to the USPS Supplier Disagreement

Resolution (SDR) Official[1] who subsequently upheld the Contracting Officer's decision.

--------

[1] Plaintiff incorrectly refers to this official as the USPS Ombudsman.

Plaintiff brings this lawsuit under 39 C.F.R. §601.108(g) which states that a person can appeal an SDR Official's determination "to a federal court with jurisdiction over such claims, but only on the grounds that the decision was procured by fraud or other criminal misconduct, or was obtained in violation of the regulations contained in this part or an applicable public law enacted by Congress."  Plaintiff alleges in Count I that the SDR Official's decision was "procured by fraud or other criminal misconduct" because Ms. Vigil failed to meet the bid requirement at §2.3 that the bidder comply "with federal, state, and municipal laws, codes, or regulations either at the time the bid is submitted or by the time the Contract Postal Unit opens for business."  Complaint for Review of Postal Ombudsman's Decision (Doc. No. 1)(Complaint) at ¶15, filed Dec. 11, 2007.  Plaintiff contends that Ms. Vigil misrepresented in her bid application that she met the requirement of §2.3 when in fact the building she proposed to use for the CPU was not zoned for commercial use and Ms. Vigil did not have the applicable permits to house a CPU in that building.  Plaintiff alleges in Count II that the SDR Official's determination was obtained in violation of postal regulations which require "consideration of the local populace regarding building location and postal issues," and which require that the building housing the CPU "be in compliance with state and local ordinances, regulations, and statutes."  Complaint at ¶¶25, 26.

Defendant moves to dismiss this lawsuit on the bases of insufficiency of service of process and lack of subject matter jurisdiction.  The parties, however, agree that service of process has since been properly made so the only issue is whether this Court lacks subject matter jurisdiction.  Defendant suggests that if the Court does not have subject matter jurisdiction, the case should be transferred to the United States Court of Federal Claims.

B.  Discussion

A Fed. R. Civ. P. 12(b)(1) motion for lack of subject matter jurisdiction can take one of

two forms.  *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  A defendant can

facially attack the complaint's allegations of subject matter jurisdiction or challenge the

underlying facts upon which subject matter jurisdiction depends.  *Id.*  Here, the Defendant makes

a facial attack of the Complaint and asserts that exclusive subject matter jurisdiction lies with the

United States Court of Federal Claims.  The Defendant further contends that it would be proper

for this Court to transfer the case to the United States Court of Federal Claims under 28 U.S.C.

§1631.[2]

Defendant argues first that the Administrative Disputes Resolution Act (ADRA) is

controlling in this case because this is a federal procurement case.[3]  The ADRA states: "Both the

Unites [sic] States Court of Federal Claims and the district courts of the United States shall have

jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a

Federal agency for bids or proposals for a proposed contract or to a proposed award or the award

of a contract or any alleged violation of statute or regulation in connection with a procurement or

a proposed procurement."   28 U.S.C. §1491(b)(1).  Congress also enacted a Sunset Provision

---

[2]Section 1631 states: "Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred."

[3]Courts have found that the ADRA applies to the USPS.  *See Flamingo Industries (USA) Ltd. v. U.S. Postal Service*, 302 F.3d 985, 994 (9th Cir. 2002), *reversed on other grounds*, 540 U.S. 736 (2004); *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1083 (Fed. Cir. 2001).

which terminated the district court's jurisdiction in these cases as of January 1, 2001.   Several courts have suggested or held that with the termination of district court jurisdiction under the Sunset Provision, the ADRA provides the United States Court of Federal Claims with exclusive subject matter jurisdiction in cases challenging federal procurement contracts.  *See, e.g., City of Albuquerque v. United States Dept. of Interior*, 379 F.3d 901, 910 (10th Cir. 2004)(noting the Federal Circuit's "'exclusive role in [cases brought under 28 U.S.C. §1491(b)]....'" (citation omitted));  *Emery Worldwide Airlines*, 264 F.3d at 1079-1080 (discussing legislative history of ADRA); *Goodwill Industrial Services Corp. v. Committee for Purchase from People who are Blind or Severely Disabled*, 378 F.Supp.2d 1290, 1295-97 (D. Colo. 2005); *Advanced Systems Technology, Inc. v. Barrito*, 2005 WL 3211394 **5-6 (D.D.C.).

Plaintiff does not dispute that the United States Court of Federal Claims has subject matter jurisdiction over procurement cases.  Plaintiff argues, instead, that this is not a procurement case.  Plaintiff recognizes that the USPS is authorized to acquire property and services.[4]  39 C.F.R. §601.100.  Nonetheless, Plaintiff maintains that since a CPU is not like a traditional post office and there is a business relationship between a business owner and the USPS to operate a CPU, the award of a bid to run a CPU is not a procurement.  Plaintiff cites to cases describing a CPU as a facility operated by private persons who have contracted with the USPS to provide certain postal services to the public.  Yet, Plaintiff fails to cite to any legal authority to support his proposition that the award of a bid for the operation of a CPU is not a

---

[4]Plaintiff refers to the Federal Acquisition Regulations System (FARS), 48 C.F.R. §2.101(b)(2), for a definition of an acquisition.  FARS, however, does not apply to USPS disagreements regarding procurements.  *See* 39 C.F.R. §601.108(a)("In resolving disagreements [regarding the award of USPS contracts], non-Postal Service procurement rules or regulations will not govern.").

4

procurement of services.[5]  The nature of Plaintiff's lawsuit is clearly a dispute regarding a

procurement of services which falls under the ADRA and should be heard exclusively by the

United States Court of Federal Claims.

Interestingly, the Plaintiff argues in footnote 2 of Plaintiff's Response to Defendant's

Motion to Dismiss and Memorandum in Support (Doc. No. 5) at 3 that this Court also has

subject matter jurisdiction under 39 U.S.C. §401(1), 28 U.S.C. §1339, and 28 U.S.C. §1346(a)(2)

(a provision of the Tucker Act).  39 U.S.C. §401(1) provides simply that the USPS can sue and

be sued; it is a broad waiver of sovereign immunity.  *See, e.g., Tradesmen Intern., Inc. v. United

States Postal Service*, 234 F.Supp.2d 1191, 1196 (D.Kan. 2002).  This provision, standing by

itself, does not grant subject matter jurisdiction to any court, let alone to this Court.

28 U.S.C. §1339 states:  "The district courts shall have original jurisdiction of any civil

action arising under any Act of Congress relating to the postal service."  In this case, the Plaintiff

specifically contends that this matter arises under 39 C.F.R. §601.108(g) and involves Ms.

Vigil's alleged violations of state and local laws contrary to her acknowledgment of compliance

in her bid application as well as alleged violations of postal regulations.  Obviously, this case

does not arise "under any Act of Congress."  *See Four Star Aviation, Inc. v. United States Postal

Service*, 120 F.Supp.2d 523, 525 (D. V.I. 2000)(a contract dispute is not a dispute "arising under

any Act of Congress" so as to provide subject matter jurisdiction under §1339).  Hence, §1339

does not apply and it cannot be a basis for subject matter jurisdiction in this Court.

---

[5]The Court observes that the process for appealing to an SDR Official to resolve
disagreements about the award of USPS contracts is detailed under Subchapter H of Chapter I,
Title 39 of the Code of Federal Regulations which is, tellingly, titled "Procurement System for
the U.S. Postal Service: Intellectual Property Rights Other than Patents."  Emphasis added.

28 U.S.C. §1346(a)(2) states that the district court has original subject matter jurisdiction concurrent with the United States Court of Federal Claims when a civil action is brought against the United States

> not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

Plaintiff, however, does not allege in either his Complaint or in his response brief that he seeks damages under $10,000.  Furthermore, the Court notes, as Defendant has, that §1346(a)(2) is a provision of the Tucker Act and that the ADRA amended the Tucker Act.  *See, e.g., Asia Pacific Airlines v. United States*, 68 Fed. Cl. 8, **16-17 (2005).  In reading §1346(a)(2) in conjunction with the ADRA, it is clear that the more "precisely drawn, detailed statute," i.e., the ADRA, preempts the more general jurisdictional provision found at §1346(a)(2).  *See, e.g., A & S Council Oil Co., Inc. v. Lader*, 56 F.3d 234, 241 (D.C. Cir. 1995)(quoting *Brown v. General Services Administration*, 425 U.S. 820, 834 (1976)(Contract Disputes Act preempts more general jurisdictional provision because it is "the paradigm of a 'precisely drawn, detailed statute'....").  For all of these reasons, §1346(a)(2) likewise cannot be deemed as a basis for subject matter jurisdiction in this Court.

C.  Conclusion

Although this Court lacks subject matter jurisdiction, it is in the interest of justice to transfer this case to the United States Court of Federal Claims so that Plaintiff will not have to file and serve a new complaint.  *See* 28 U.S.C. §1631.  Consequently, the Court will enter an

order transferring this case to the United States Court of Federal Claims.

       IT IS ORDERED that:

       1.  Defendant's Motion to Dismiss and Memorandum in Support (Doc. No. 3) is granted;

and

       2.  this case will be transferred to the United States Court of Federal Claims.


                                        _____

                                      SENIOR UNITED STATES DISTRICT JUDGE